26CA0336 Peo in Interest of Todd 05-07-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0336
Pueblo County District Court No. 26MH30015
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Lucas Dean Todd,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    Respondent, Lucas Dean Todd, appeals the district court's order authorizing the staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to involuntarily medicate him. We affirm.

## I.    Background

¶ 2    In March 2025, Todd was committed to the department of human services after being found incompetent to proceed in a criminal case. The following January, he was admitted to the hospital and diagnosed with psychosis not otherwise specified. He presented as guarded, irritable, paranoid, and delusional. In February, he was placed on emergency medications after a physical altercation with a peer.

¶ 3    Shortly thereafter, the People petitioned the district court to review Todd's refusal of treatment. The court held an evidentiary hearing, at which the psychiatrist supervising Todd's care testified. The psychiatrist described Todd's mental health disorder and accompanying symptoms. He also described the requested medications — Zyprexa (olanzapine), Depakote (valproic acid), and Haldol (haloperidol) — and explained their possible side effects. And he opined that the medications were necessary to treat Todd's symptoms.

¶ 4     At the conclusion of the hearing, the district court granted the petition and issued an order authorizing the involuntary administration of the requested medications.

## II.     Applicable Law and Standard of Review

¶ 5     A district court may order the involuntary administration of medication if the People prove by clear and convincing evidence that (1) the patient is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to themselves or others at the institution; (3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment. *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985).

¶ 6     When a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we review the district court's legal conclusions de novo and defer to its factual findings if they have record support. *People v. Marquardt*, 2016 CO 4, ¶ 8. We view the evidence as a whole and in the light most favorable to the

People as the petitioning party. *People in Interest of Uwayezuk*, 2023 COA 69, ¶ 57. As the fact finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn from it. *People in Interest of R.C.*, 2019 COA 99M, ¶ 7.

### III. Need for Treatment and Legitimate Interest in Refusing Treatment

¶ 7 Todd contends that the evidence was insufficient to prove the fourth *Medina* element — that his need for the requested medications is sufficiently compelling to override his bona fide and legitimate interests in refusing to take them. We disagree.[1]

¶ 8 In assessing this element, a court must first determine "whether the patient's refusal is bona fide and legitimate." *Medina*, 705 P.2d at 974. If it is, the court must then determine "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the

---

[1] Although at one point in his opening brief Todd mentions a challenge to the district court's finding on the first *Medina* element, he doesn't develop any argument as to that element. We presume the reference to the first element was merely a typo and therefore don't address it. At any rate, we don't consider arguments that aren't developed. *See In re Estate of Chavez*, 2022 COA 89M, ¶ 26.

state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Id.*

¶ 9 Todd agrees that the district court acknowledged that his reasons for refusing the requested medications — his religion and avoiding adverse side effects — were bona fide and legitimate. *See id.* (an absolute and unequivocal religious belief or practice can constitute a bona fide and legitimate reason to refuse medication); *Uwayezuk*, ¶ 62 (a desire to avoid adverse effects can constitute a bona fide and legitimate reason to refuse medication). However, he suggests that the court "disregard[ed]" his interests and argues that his decision to decline treatment should be "respected, afforded substantial weight, and carefully considered." But the district court didn't disregard Todd's legitimate interests in refusing the requested medications. To the contrary, the court specifically acknowledged both Todd's religious conviction that "the good book" precludes him from taking the requested medications and the side effects that he has experienced. But the court weighed those legitimate concerns against the risk of deterioration without the requested medications and the necessity of protecting the safety of those in the institution.

And it found the latter considerations sufficiently compelling to override the former.

¶ 10    Furthermore, reviewing the record as a whole and in the light most favorable to the People, we conclude that sufficient evidence supports the district court's conclusion that Todd's need for treatment outweighs his interest in refusing it.  The psychiatrist's testimony established that:

    (1) The hospital is cognizant of the side effects that Todd has experienced (including sedation and restlessness).

    (2) Todd's feelings of sedation should improve over time with consistent dosage of the requested medications.

    (3) Todd's feelings of restlessness will be monitored and if they increase the hospital will adjust the medication dosage or timing or provide adjunct medications to decrease this side effect.

    (4) Todd's condition improved while on an emergency course of the requested medications.

    (5) Without treatment, Todd will continue to suffer the symptoms of his mental illness, there will be a likely long-

term deterioration of his mental condition, and he will be at increased risk of danger to others.

(6) Todd's need for the requested medications outweighs his interest in refusing them.

¶ 11    We conclude that this evidence clearly and convincingly supports the district court's determination that Todd's interest in refusing medication must yield to the state's interest in preserving his health and protecting the safety of those in the hospital.  *See Medina*, 705 P.2d at 974.  Because the record supports the court's finding, we may not disturb it.  *See R.C.*, ¶ 7.

## IV.    Disposition

¶ 12    The order is affirmed.

JUDGE PAWAR and JUDGE JOHNSON concur.